## Valley Forge Plaza Associates, Appellant *v.* Board of Supervisors of Upper Merion Township, Appellee.

586

Argued April 7, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Clarke F. Hess*, with him *Butera & Detwiler*, for appellants.

*Gregory J. Dean*, with him *James E. Meneses*, for appellee.

Opinion by Judge Rogers, May 24, 1976:

Valley Forge Plaza Associates, a land developer, has appealed from an order of the Court of Common Pleas of Montgomery County dismissing its appeal from what the appellant asserts was a decision of the Board of Supervisors of Upper Merion Township to reject a land development plan. The appellant says that its plan was

rejected by the Supervisors because of its nonconformity with a zoning regulation enacted after the plan was filed, contrary to the provision of Section 508(4) of The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508(4). *See Monumental Properties, Inc. v. Township of Whitehall,* 11 Pa. Commonwealth Ct. 105, 311 A.2d 725 (1973).

The appellant desired to develop land by the construction of a building more than 85 feet in height in Upper Merion's AR-1 zoning district. On July 8, 1974, the Upper Merion Board of Supervisors announced its intention to amend its zoning ordinance by restricting the height of structures in certain districts, including the AR-1 district, to a maximum of 85 feet. On July 25, 1974 and August 1, 1974, notices that the Board would consider the proposed amendment at a public meeting on August 12, 1974 were duly published in a local newspaper.

On July 30, 1974, an architect employed by the appellant spoke by telephone with a township building inspector concerning the effect, if any, the proposed amendment would have on his client's development plan, allegedly prepared on July 24, 1974. The building inspector, after consulting with the township solicitor, returned the architect's call and informed the latter that the proposed amendment, if enacted, would have no effect on those projects for which land development plans had already been filed with the township but that he would not accept nonconforming plans because of the pendancy of the zoning amendment. On August 12, 1972, as scheduled, the Board of Supervisors considered and adopted the amendment providing a maximum height limitation of 85 feet in the AR-1 district.

On August 19, 1974, Mr. Shaeffer appeared at the Upper Merion Township Building with preliminary land development plans. He neither filed nor submitted the plans for review by the township authorities but requested only that the building inspector with whom he

had talked on July 30, 1974 stamp a copy of the plans "denied" and to record date of the denial as July 30, 1974. The admitted purpose of this request was to "get the boss off my back" and to mollify investors in the appellant's project. The building inspector accommodated the appellant's architect with regard to marking a copy of the plans and additionally provided a letter stating that the architect had been told on July 30, 1974 that plans could not be accepted on the advice of the township solicitor.

On August 27, 1974, the appellant filed a Notice of Appeal from "the decision of the Board of Supervisors of Upper Merion Township . . . dated July 30, 1974, denying approval of a preliminary revised Development Plan." The township filed a Petition to Dismiss, the prayer of which the Court of Common Pleas of Montgomery County, after depositions were taken and entered, granted. The lower court based its action on Section 1006 of the Pennsylvania Municipalities Planning Code, 53 P.S. §11006, which authorizes appeals from decisions of the governing bodies adverse to land development plans submitted in accordance with municipality procedures. The lower court noted that Upper Merion's Land Development regulations required the submission of preliminary plans in duplicate with an application for approval by the Board of Supervisors, and properly found from the evidence that the appellant's plans had not been submitted to the Supervisors for approval in accordance with the regulations and that the Supervisors had made no decision from which an appeal could be taken. We agree.

The appellant's assertion that it filed plans with the township on or as of July 30, 1974, a date prior to the enactment of the amendatory ordinance, is pure fiction. The phrase "duly filed" employed in Section 508(4), 53 P.S. §10508 at the very least imports an actual filing. Not only was nothing filed on July 30, 1974, we have only the appellant's representations that its plans were even in existence on that date.

We are convinced, as was the lower court, that the appellant's architect sought to contrive a filing on a date prior to the date on which the disqualifying zoning changes were made, that his and the building inspector's actions on August 19, 1974 were intended, not as a submission of plans for the Board's consideration and approval, but as the creation of the fiction of an earlier disapproval of unsubmitted plans, and that the Board of Supervisors made no decision from which an appeal would lie. If plans indeed existed on July 30, 1974, they and an application for approval should have been submitted on that date and, if refused for filing, mandamus brought to require their acceptance for filing and consideration by the Board of Supervisors.

Order affirmed.

Judge KRAMER did not participate in the decision in this case.