Ernesto Rizzitano, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

60

*Louis DeLuca,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., September 27, 1977:

This is an unemployment compensation appeal by the claimant in which the Bureau of Employment Security and the Referee refused benefits under the provisions of Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (b)(1), on the ground that the claimant voluntarily quit his job. The Unemployment Compensation Board of Review disallowed further appeal pursuant to Section 502 of the Unemployment Compensation Law, 43 P.S. §822. We affirm the denial of benefits.

The claimant was employed for four years by the F & E Trucking Company as a body and fender repairman at a rate of $175.00 per week. This employment was terminated on November 5, 1975, and the claimant subsequently applied for unemployment benefits.

For a period of approximately one month prior to the date of termination, the manager of F & E Trucking Company had urged the claimant to increase his production. The manager stated that he was losing money on his jobs and that in order to make a profit

the claimant would have to complete his work assignments within a shorter period of time.

The claimant stated that while he did his best to increase his work output, he was doing as much as he could and was still unable to meet the demands of his employer. The claimant then terminated his employment, believing that because he could not increase his productivity he would be discharged from his job.

The record in this case reveals that at no time did the employer expressly state that he was discharging the claimant because the claimant did not put out more work:

(Referee):
Did you ever tell him that if he didn't do better that you were going to discharge him?
(Employer):
Well, not, not right out. I said, but, I will if we don't get these jobs out to where I can make a profit, we're going to have to do something else. I'll get somebody else, you know.

The claimant argues that from the language used it may be inferred that he would have been discharged had he not terminated his employment.

In *Caperila Unemployment Compensation Case,* 200 Pa. Superior Ct. 357, 188 A.2d 759 (1963), the Superior Court held that for an employee to be fired or discharged, the employer need not use those exact words in speaking to the employee. Rather, the fact that an employee has been fired or discharged may be inferred from the use of words such as "pick up your pay," "turn in your key," "pull your time card," "turn in your uniform," and "there's the door." *Id.* at 359, 188 A.2d at 760. *See Thomas v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 398, 401 n. 1, 322 A.2d 423, 425 n. 1 (1974).

The language used in the present case does not come within the rule established in *Caperila,* as it

lacks both the immediacy and the finality of the language discussed in that case. Here, the claimant was only confronted with the possibility of losing his job. All that has been shown is that he might have lost his job at some time in the future had he not increased his production. Therefore, it must be concluded that claimant's termination of his employment was voluntary.

The remaining issue is whether the claimant's termination of his employment, even though voluntary, was for a cause of a necessitous and compelling nature.

It is well settled that for a claimant to prove that his termination was due to a cause of a necessitous and compelling nature, he must show that he acted with ordinary common sense and prudence. *Zinman v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973). The circumstances which prompt a claimant's termination must be real, substantial, and reasonable. *Aluminum Company of America v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974). The claimant in this case has not met these tests.

The record clearly indicates that the claimant could have continued to work for his employer. The fact that the claimant might have been discharged at some time in the future, near or distant, does not justify his terminating his employment when he did. While the claimant may have been dissatisfied with his job, and with the amount of work he was expected to produce, he should have continued to work. Under all the circumstances, the claimant's action in terminating his employment when he did was neither reasonable nor prudent. Therefore, we hold that the claimant did not terminate his employment for a cause of a necessitous and compelling nature.

Accordingly, we will enter the following

ORDER

Now, September 27, 1977, the decision of the Unemployment Compensation Board of Review, No. B-134218, dated September 2, 1976, is affirmed.