James Hill, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 3, 1978,

*Arnold Dranoff,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 9, 1978:

James Hill has appealed a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's order denying him compensation. Hill was declared ineligible for having voluntarily left his work without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of Decem-

ber 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

Hill was employed by the United States as a pipe-fitter at the Philadelphia Naval Shipyard from April 3, 1973 until July 31, 1975. Hill resigned on the latter date and applied for unemployment compensation. He initially received compensation, but his status was later redetermined and he was found to be ineligible as a voluntary quit. Hill appealed the redetermination, but after a hearing was again found to be ineligible by a referee. Hill appealed this decision to the Board of Review which, after ordering two additional hearings, adopted the findings and conclusions of the referee and affirmed her decision denying compensation. We now affirm that decision of the Board of Review.

Hill concedes that he voluntarily left his work. He says first, however, that he did so in order to avoid the stigma of being discharged for absenteeism and that this notice provided a necessitous and compelling cause for his leaving. Hill testified that the basis for his belief that he would be discharged was a letter received from his employer so advising him. Hill never produced this letter, saying that he left it with a representative of his employer; although Hill was represented by counsel at several hearings no copy of the letter was produced. Hill, however, argues that he had the right to appeal his employer's determination that he should be discharged. Although Hill asserted that he did not become aware of this right until after he had resigned, he clearly made no effort at anytime to exercise the right to question his discharge. Hence, the referee's finding that ". . . the appellant had a right to file an appeal but did not do so" is supported by the record. Since questions of credibility and the weight of evidence are for the trier of fact and not this Court, we could not disturb this

finding even were we inclined to do so. *Barrett v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 429, 373 A.2d 1183 (1977). Whatever the contents of the missing letter on which Hill depended, the existence of a right to appeal the threatened discharge rendered the prospect of discharge less than a certainty. Hill's quit was not therefore made in the fact of a certain discharge, as was the case in *Volk v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 529, 371 A.2d 1045 (1977), and *Kozlowski Unemployment Compensation Case*, 191 Pa. Superior Ct. 83, 155 A.2d 373 (1959). The case falls rather within that line of cases which hold that one who quits his work merely to avoid the chance of being fired is not entitled to compensation. *Rizzitano v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 59, 377 A.2d 1060 (1977); *Garvin v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 96, 334 A.2d 854 (1975).

Hill also says that he had a problem of health which furnished an additional necessitous and compelling cause for his leaving work. Hill worked, as we have noted, for a federal agency. Under federal statutes any unemployment compensation benefits paid by the state are reimbursed by the federal government. *See* 5 U.S.C. §§8502, 8505. At all times pertinent to this case, federal law provided that eligibility for benefits should be determined by state agencies under state law, but that findings made by the federal employing agency concerning, *inter alia*, "the reasons for termination of Federal service," should be final and conclusive for purpose of review. *See* 5 U.S.C. §§8502(d), 8506(a).[1] In the present case, Hill's fed-

---

[1] The provision of Section 8506(a) rendering the findings of the federal employing agency final and conclusive for purposes of review were deleted by Section 313(a) of the Unemployment Com-

eral employing agency found as the reason for the termination of his federal services the following:

Resigned: Reason Given: 'I do not wish to be removed from employment.'

Hence, Hill's asserted cause based on his condition of health is not within the permitted scope of our review.

Decision affirmed.

### ORDER

AND Now, this 9th day of May, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.

pensation Amendments of 1976, Pub. L. No. 94-566, 90 Stat. 2680 (5 U.S.C. §8506 note). This amendment applies only to findings made after the Act's date of enactment, October 20, 1976. Unemployment Compensation Amendments of 1976, Pub. L. No. 94-566, §313(b), 90 Stat. 2680.