Julius Horvath, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Katherine F. Bryant,* with her *Rosalie Simmonds,* for appellant.

*Gary Marini,* Assistant Attorney General, with him *James K. Bradley,* Assistant Attorney General, *Daniel R. Schuckers,* Assistant Attorney General, *Richard Wagner,* Assistant Attorney General, and *Edward G. Biester,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, July 25, 1979:

Julius Horvath appeals from an order of the Unemployment Compensation Board of Review affirming a referee's determination that he was ineligible for benefits because his unemployment was due to his discharge for willful misconduct under Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Mr. Horvath, who was last employed by the Albert Einstein Medical Center as a mechanic, was absent from work during the period of April 19, 1977 to April 28, 1977. He reported his intended absence on April 19 and 20, but was not in touch with his employer again until April 28 when he presented a doctor's certificate stating that he had had an attack of gout. Claimant had been given three prior written warnings concerning his failure to notify his employer of absences. He was discharged from his employment for

failure to call in sick every day he was to be absent— a requirement imposed by the employer in its handbook of rules given to Mr. Horvath.

The appellant contends that he was denied due process of law at the hearing because the referee failed to advise him of his right to counsel, of the nature of the proceedings, of the "relative burden of proof"[1] or of the law in the field of unemployment compensation relating to excessive absenteeism. Similar arguments were considered and rejected in *Gonzalez v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 70, 395 A.2d 292 (1978). Neither considerations of due process nor regulations governing the conduct of hearings found at 34 Pa. Code §101.21 require the referee to assist claimants in a manner incompatible with the impartial discharge of the referee's duties. After carefully reviewing the record, we discern no violation of the appellant's constitutional rights or Department regulations.

The appellant's further argument that willful misconduct was not proved is without merit. Its thesis is that an employee may not be denied compensation based on absenteeism caused by illness. The claimant was not discharged for being ill or for being absent while ill. He was discharged for failing, with respect to at least five days of absence, to report off, as his employer's written rules provided him required.

Order affirmed.

ORDER

AND Now, this 25th day of July, 1979, the order of the Unemployment Compensation Board of Review, No. B-150747 dated November 4, 1977, is hereby affirmed.

---

[1] Appellant's brief complains that the referee failed to advise the claimant that he was required to "develop a case demonstrating lack of willful misconduct." Such advice would, of course, have been erroneous.