James DeMeno, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 14, 1980, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Carol S. Mills McCarthy,* for appellant.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Blatt, May 5, 1980:

James DeMeno (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying him benefits under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), for voluntarily terminating his employment without cause of a necessitous and compelling nature. He argues that (1) he did not voluntarily terminate his employment, (2) that the Board's findings were made in capricious disregard of the evidence, and (3) that the referee's conduct at the hearing deprived him of due process.

The claimant admitted at the hearing that, after leaving work early one day and not reporting the next, he called his employer and said he was quitting. He argues nevertheless that his termination was not voluntary because, had he not quit, the employer would have discharged him. This assertion is supported, however, only by his testimony that he received a previous warning to "make no more mistakes." We cannot agree, therefore, that the claimant was forced to terminate his employment. He was not given a direct ultimatum as was the claimant in *Thomas v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 398, 322 A.2d 423 (1974), and it does not appear that he resigned in the face of certain discharge. "Th[is] case falls rather within that line .of cases which hold[s] that one who quits his work merely to avoid the chance of being fired is not entitled to compensation." *Hill v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 252, 255, 385 A.2d 1032, 1033 (1978).

The claimant also challenges the Board's finding that continuing work was available to him. We do not agree, however, that the Board was compelled to ac-

cept his speculative opinion that he could not have returned to work. We must conclude, therefore, that the Board did not capriciously disregard evidence.

Finally, we believe that the claimant's attack on the referee's conduct is without merit. Our reading of the record indicates that the referee acted in a fair and impartial manner. Moreover, due process does not require, as the claimant contends, that a referee advise a claimant on particular evidentiary matters or specific points of law. *Horvath v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 420, 403 A.2d 1073 (1979); *Simpson v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 246, 395 A.2d 309 (1978).

We shall therefore affirm the order of the Board.

### ORDER

AND Now, this 5th day of May, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.