Arnold R. Small, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 5, 1980, before Judges Wilkinson, Jr., Blatt and Williams, Jr., sitting as a panel of three.

*Doreen S. Davis-Rosenfeld,* with her *James T. Lynn, III, Obermayer, Rebmann, Maxwell & Hippel,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, August 6, 1980:

Arnold R. Small (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) disallowing his appeal of a referee's decision. The referee determined that the claimant had voluntarily terminated his employment without cause of a necessitous and compelling nature and was therefore disqualified under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). The claimant argues (1) that he did not voluntarily terminate his employment and (2) that, if he did, it was for cause of a necessitous and compelling nature.

The claimant was employed by the United States Internal Revenue Service and was engaged in undercover surveillance of fellow employees. He testified

that, when his activities were discovered, he began to receive threats and that the union representing the employees filed suit naming him and other officials of the Internal Revenue Service. Subsequently, and apparently without any relationship to his undercover activities, his superiors accused him of "administrative failures". The following facts were found by the referee, and affirmed by the Board:

> 2. Approximately two months prior to the last day of work, the claimant was advised by the Divisions Chief that charges were to be brought against him because of his failure to perform certain duties.

> 3. At this time, the claimant was requested to resign but refused.

> 4. Subsequently hearings in this matter were held by the Division Chief on 6/1 and 6/23/78.

> 5. After the hearing on 6/23/78, the claimant agreed to resign if the employer would drop the charges against him.

> 6. Claimant resigned on 6/23/78 when the employer agreed to drop all charges against him.

The referee then reasoned as follows:

> The claimant offered testimony indicating that one of his reasons for terminating his employment [was] because ... he had been working as an undercover agent and had received many threats.

> It appears, however, from the record that the real reason for terminating was because the employer agreed to drop charges against him which might result in his dismissal.

In *Smith v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 57, 398 A.2d 256 (1979), the claimant was informed by her superior that

he had recommended her discharge. The final out-
come, however, was dependent on the decision of a
higher superior. She did not wait for that decision but
took the option of resigning. We rejected her argument
that her termination was involuntary, holding that her
discharge was not certain or inevitable. *See DeMeno v.
Unemployment Compensation Board of Review*, 51 Pa.
Commonwealth Ct. 137, 413 A.2d 796 (1980); *Hill v.
Unemployment Compensation Board of Review*, 35 Pa.
Commonwealth Ct. 252, 385 A.2d 1032 (1978).
Similarly, in the case before us the record does not
demonstrate that the claimant's discharge was certain,
but only that it might result later because of the
charges against him. We believe, therefore, that the
referee and the Board correctly concluded that the
claimant voluntarily terminated his employment.

Alternatively, the claimant asserts that the pending
lawsuit and the threats against him constituted cause
of a necessitous and compelling nature for him to quit.
As to the pending lawsuit, there is no explanation in
the record or in the claimant's brief as to how or why
it should have affected his ability to perform his job.
Moreover, we do not perceive how his resignation
could mitigate or in any way affect his liability for any
previously committed acts for which the suit may have
held him responsible. In sum, it does not seem that the
existence of the lawsuit could have provided a com-
pelling reason for his resignation, and his allegation of
threats against him is similarly unconvincing. Exactly
what these threats were was never specified. It seems,
however, that he received no threats personally and
that the harassment, consisting of obnoxious notes left
on his desk, occurred some five or six months before
his resignation. Moreover, it appears that these in-
cidents were being investigated and that, perhaps
because of them, he was not returned to his original
work unit. Finally, there is no evidence that the al-

leged threats and harassment had a detrimental effect on his health or well-being such as has been considered elsewhere to have been cause of a necessitous and compelling nature. *See Boogay v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 51, 405 A.2d 1112 (1979); *Palmitessa v. Unemployment Compensation Board of Review*, 197 Pa. Superior Ct. 618, 179 A.2d 679 (1962). In this light, we cannot conclude that the referee capriciously disregarded the evidence in concluding that the claimant's real reason for resigning was to avoid the charges which might have resulted in his dismissal.

We shall therefore affirm the order of the Board.

## ORDER

AND, Now, this 6th day of August, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.