616

Wesley G. Morris, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*John L. Walder,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 18, 1981:

This case comes before the Court on claimant's appeal of an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination that claimant is ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, P.L. 2897, *as amended,* 43 P.S. §802(b)(1), for voluntarily terminating his employment without cause of a necessitous and compelling nature. We affirm.

The referee made three findings in this case, all of which are duly supported by testimony before her. Claimant worked for one and one-half months as a welder for Trotter & Sons (employer) before getting discouraged one day on his way to work and going home, because he had heard from fellow employees that his employer was dissatisfied with his work.

Although the employer's witness did not actually present time sheets, he testified that claimant "lost time" in every week he worked for the concern, that he rarely worked overtime, and was frequently absent.

The appellate courts of this state constantly reaffirm the principle that the findings of fact accepted by the Board of Review, if supported by competent evidence, are conclusive, and shall not be disturbed on review. *Progress Manufacturing Co. v. Unemployment Compensation Board of Review,* 406 Pa. 163, 176 A.2d 632 (1962), *Hayes v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 49, 387 A.2d 186 (1978).

Since a review of the record shows that the findings in this case are supported by testimony before the referee, we reach the second step in our review of the case—whether the facts as found can form a basis for the legal conclusion that the claimant is indeed ineligible for benefits under Section 402(b)(1) of the Act. *Richards v. Unemployment Compensation Board of Review,* 491 Pa. 162, 420 A.2d 391 (1980).

We return to the oft-repeated principle that the burden is on the claimant in a voluntary termination case to demonstrate the necessitous and compelling nature of his cause for ending the employment relationship. *Borman v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 241, 316 A.2d 679 (1974). Claimant alleges before us that the excessive number of hours he was expected to work are such cause. His case might have been stronger had he shown that he actually put in the time. This Court has previously held that dissatisfaction with one's job,[1] wages,[2] work load,[3] or a reasonable reprimand,[4] is not adequate to meet a claimant's burden.

Here, claimant has anticipated a termination, or perhaps merely a reprimand, by (paraphrasing his own words), "just turning around, and going back home and calling the next day." Voluntarily terminating one's employment relationship because the possibility exists that one might be fired has been held insufficient to entitle a claimant to benefits under Section 402(b)(1) of the Act, 43 P.S. §802(b)(1). *Cf. Rizzitano v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 59, 377 A.2d 1060 (1977).

We therefore affirm the order of the Board.

### ORDER

AND Now, the 18th day of March, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is hereby affirmed.

---

[1] *Remington v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 380, 387 A.2d 1343 (1978).

[2] *Pfafman v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 197, 300 A.2d 295 (1973).

[3] *Dalesandro v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 482, 333 A.2d 479 (1975).

[4] *Yasgur v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 33, 328 A.2d 908 (1974).