Marguerite W. Scott, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 17, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Marianna M. Perkins,* for appellant.

*Francine Ostrovsky,* Associate Counsel, with her *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, December 22, 1981:

This is an appeal by Marguerite W. Scott (Claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant, who was employed as a bus driver by the Wissahickon School District (Employer), was involved in an accident which she attributed to wet brakes. Claimant's supervisors expressed dissatisfaction with her explanation of the accident and sus-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), which states in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving without cause of a necessitous and compelling nature. . . .

Pursuant to the Act of July 10, 1980, P.L. 521, Section "402 (b)(1)" is now Section "402(b)" of the Law, 43 P.S. §802(b).

pended her without pay pending an investigation by an independent expert. Claimant was told she faced possible dismissal if the investigation showed her version of the accident was incorrect. Claimant, without waiting for the outcome of the investigation, announced she was quitting her job and submitted a written resignation.

Claimant contends that the Board erred in denying her unemployment compensation benefits because Claimant resigned in the face of imminent discharge and therefore her termination was not voluntary.[2]

"Whether a termination of services is a voluntary quit or a discharge is a question of law to be determined by this Court based upon the findings of fact made by the Board." *Goffi v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 422, 424, 427 A.2d 1273, 1274 (1981). It is well settled that where an employee resigns to avoid the *chance* of being fired, that employee will be treated as having voluntarily quit for the purposes of determining eligibility for unemployment compensation. *Goffi; Small v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 375, 417 A.2d 1301 (1980); *Smith v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 57, 398 A.2d 256 (1979); *Hill v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 252, 385 A.2d 1032 (1978); *Rizzitano v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 59, 377 A.2d 1060 (1977).

---

[2] As a corollary to this argument, Claimant asserts that her termination was actually a discharge for willful misconduct and, since Employer did not meet its burden of establishing such misconduct, she should have been found eligible for benefits. This argument is rejected since Claimant's termination was found to be voluntary and without cause of a necessitous and compelling nature.

In the instant case, the determination of Claimant's employment status hinged entirely on the outcome of an investigation of the accident by an independent expert. Claimant admits that she was told by her supervisors that she *might* be fired if the findings of the investigation were adverse. The Board was correct in holding Claimant voluntarily terminated her employment. *Small; Hill.*

Citing to the case of *Arufo v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 555, 391 A.2d 43 (1978), Claimant alternatively contends that, should this Court find she voluntarily quit, she had cause of a necessitous and compelling nature for so doing and therefore should have been found eligible for benefits under Section 402(b)(1) of the Law.

A Claimant who alleges cause of a necessitous and compelling nature for voluntarily terminating employment has the burden of proving the same. *Porter v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 505, 434 A.2d 245 (1981). In *Arufo,* this Court held that a bookkeeper/office manager who had been exonerated from theft charges for which she faced possible dismissal, satisfied her burden of proving a necessitous and compelling reason for terminating employment when she established that a supervisor had continued to suggest that she was guilty of theft, thus rendering it impossible for her to restore confidence and trust in her work.

The case at bar is readily distinguishable from *Arufo.* Unlike *Arufo,* the investigation which threatened Claimant's job had yet to be completed and there was no evidence that the dissatisfaction of the supervisors would continue if the investigation exonerated Claimant.

350

## Order

AND Now, December 22, 1981, the order of the Unemployment Compensation Board of Review, Appeal No. B-80-1-H-242, Decision No. B-188010, dated September 24, 1980, is hereby affirmed.