David J. Howells, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

298

*Gerald Wassil,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 12, 1982:

The question here is whether the Unemployment Compensation Board of Review properly refused benefits on the ground of a voluntary quit without compelling cause, pursuant to board findings that the claimant, with a record of "many unreported absences" and "numerous occasions" of being "late for work" in the past, was warned that "he would be discharged" if such actions continued, and one week thereafter "decided not to report" for work because he knew he would be late.

The board's findings, quoted in their key portions above, are fully supported by the claimant's testimony that, "about a week before" the end of the employment, he had come in late and "was told that, if I missed time or come in late, more or less right from my foreman, that I might as well pick up my check." Claimant also testified that, in the following week, he worked on November 6, but, on November 7:

> I would have been like fifteen minutes late. I was at the job. I didn't come in the road. I re-

membered what the man had said to me, and I felt, well, I may as well not go in, because they don't need me anymore. So I considered myself laid off from the job. This is because of what my foreman told me. . . .

In other words, he gave me a warning, and I wouldn't go against him.[i]

Where a claimant does not report to work in the face of a discharge warning, the cessation of employment is viewed, not as a firing, but as a voluntary quit, unless the evidence establishes that discharge would be a certainty. *Morris v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 616, 426 A.2d 1269 (1981) (anticipation of discharge).[2] Here the claimant himself characterized as a "warning" the information that he "might as well pick up [his] check" if he was absent or late. In view of the employer's previous toleration, discharge was not a certainty.

A claimant, by effecting his own termination on the basis of an assumption, cannot be permitted thereby to

---

[1] In the face of this evidence, counsel for the claimant has seriously undermined his professional credibility with this court by submitting, without oral argument, a brief in which he stated that the claimant "appeared for work at his place of employment and was told by the foreman to go home," and, in another part of the brief, that claimant "appeared for work and was told to go home. . . ." At still another point in the brief, counsel averred that claimant "testified that he appeared for work at Bechtel where he was employed and was informed by the foreman to go home." Such misstatement or carelessness, in view of the actual testimony quoted above, is a breach of counsel's duty to this court and to the client.

[2] See also *Small v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 375, 417 A.2d 1301 (1980) (resignation under threat of dismissal charges) ; *Smith v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 57, 398 A.2d 256 (1979) (resignation in the face of dismissal recommendation).

shift the burden of proof to the employer. Hence, the board's denial of benefits is affirmed.

ORDER

Now, March 12, 1982, Decision No. B-181739, dated March 7, 1980, is affirmed.