Robert W. Trabbold, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

588

[black redaction block]

[black redaction block]

Submitted on briefs February 2, 1984, to Judges MacPhail, Palladino and Blatt, sitting as a panel of three.

[black redaction block]

[black redaction block]

*James B. Cole, Stokes, Lurie, Tracy & Cole,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Palladino, April 18, 1984:

Robert W. Trabbold (Petitioner) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying him benefits under Section 402(b)-(1) of the Unemployment Compensation Law.[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), provides in pertinent part:

[A]n employe shall be ineligible for compensation for any week . . .

The facts are not in dispute. The Petitioner was employed as a chef at a restaurant from May 11, 1981 through December 29, 1981. On his last day of work, the Petitioner and the owner of the restaurant met in an effort to resolve a problem the Petitioner was having with a co-worker. Apparently, the co-worker was unable to perform all of her duties without the Petitioner's assistance. The Petitioner, however, wanted only to perform those duties for which he was responsible. As a result, the co-worker had threatened to quit. During their discussion, the owner told the Petitioner that he would sooner fire the Petitioner than allow the co-worker to quit. At that point the Petitioner left the restaurant and has since failed to return to work.

In a voluntary termination case, the burden is on the claimant to prove either that his leaving employment was not due to a voluntary termination or, if it was, that he did so for a cause of a necessitous and compelling nature. *Bowman v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980). Where, as here, the party with the burden of proof does not prevail before the Board, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Hughes v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 448, 450, 414 A.2d 757, 758 (1980).

Before this Court, the Petitioner challenges the Board's conclusion that he voluntarily terminated his

(b) (1)   In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

employment. He argues that while the owner did not expressly state to the Petitioner that he was "fired", it can be inferred from the language used that he was, in fact, being discharged.

Whether an employe voluntarily terminates his or her employment or is discharged is a question of law subject to this Court's review. *Lawlor v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 380, 385, 391 A.2d 8, 11 (1978). This Court has held that in order for an employer's language to be interpreted as a discharge, it must possess the immediacy and finality of a "firing". *Id.* at 385, 391 A.2d at 11. In *Demelfi v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 577, 581-582, 442 A.2d 1249, 1252 (1982), this Court stated: "The degree of certainty in an employer's language resulting in a termination has often been the difference between those cases in which the courts have found that an employee's termination was voluntary and those in which the employer's rather than the employee's act was deemed to effect the termination."

On a review of the facts here, we find that the Board did not err, as a matter of law, in concluding that the Petitioner voluntarily terminated his employment. It is our view that the owner's language did not possess the immediacy and finality of a firing inasmuch as the Petitioner was told he would be discharged only if the owner was faced with a resignation from his co-worker. As of the Petitioner's last day of work, the co-worker had not tendered her resignation. This Court has held that one who quits work to avoid the possibility of being discharged is not entitled to compensation. *Hill v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 252, 255, 385 A.2d 1032, 1033 (1978).

Since we have determined that the Board did not err, as a matter of law, in concluding that the Petitioner voluntarily terminated his employment, our next consideration would be whether he had a cause of a necessitous and compelling nature for doing so. However, the Petitioner maintains that he did not voluntarily terminate his employment and has made no alternative argument that his reason for doing so was for a necessitous and compelling reason. Thus, the Petitioner has failed to carry his burden of proof.

Accordingly, the Board's order is affirmed.

ORDER

AND Now, April 18, 1984, the order of the Unemployment Compensation Board of Review, No. B-207-162, in the above-captioned matter is affirmed.