560 A.2d 292

**David L. ROSENBERG, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1989.

Decided June 15, 1989.

516

John Stember, Neighborhood Legal Services Assoc., Pittsburgh, for petitioner.

No appearance for respondent.

Joseph Mack, III, Thorp, Reed & Armstrong, Robert H. Shoop, Jr., Pittsburgh, for intervenor, Washington & Jefferson College, employer.

Before CRUMLISH, Jr., President Judge, COLINS, J., and BARBIERI, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

David Rosenberg appeals an Unemployment Compensation Board of Review order upholding a referee's denial of benefits under Section 402(b) of the Unemployment Compensation Law [1] (voluntary separation). We affirm.

Rosenberg resigned from his assistant professorship at Washington and Jefferson College pursuant to a mutual agreement providing that he forebear a threatened tort claim against the College in exchange for the College's payment of one year's salary and its promise to give favorable recommendations to prospective employers. This agreement was the culmination of Rosenberg's dispute with the College over the propriety of his public protesting activities for which he was twice arrested.

■ Rosenberg initially contends [2] that his separation was involuntary because he resigned only to avoid imminent discharge. We disagree.

Whether a separation constitutes a voluntary quit or a discharge is a question of law dependent on the Board's findings of fact. *Scott v. Unemployment Compensation Board of Review*, 63 Pa.Commonwealth Ct. 346, 437 A.2d 1304 (1981). Here, the Board's finding that Rosenberg was under no threat of discharge when he submitted his resignation is supported by evidence that his employment contract was renewed for the following year and that the College at no time initiated any discharge procedures. Despite a contractual entitlement to continued employment, Rosenberg,

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).

2. Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

with legal counsel, decided to negotiate his resignation. Finding of Fact No. 19. These facts establish that Rosenberg *voluntarily* terminated his employment.

Other findings indicating that the College disapproved of Rosenberg's activities and even expressed a desire to discontinue his employment are insufficient to render his resignation involuntary. They disclose only that Rosenberg faced a mere *chance* of being discharged. *Scott.*

■ Rosenberg alternatively contends that the College's negative reactions to his exercise of first amendment rights created an intolerable work environment constituting necessitous and compelling cause to quit. Again, we disagree.

Such cause exists where there are overpowering circumstances producing real and substantial pressure which would compel a reasonable person to terminate the employment. *SEPTA v. Unemployment Compensation Board of Review,* 109 Pa.Commonwealth Ct. 191, 531 A.2d 60 (1987). The Board's findings, supported by the testimony, show that the parties simply had a disagreement which they decided to resolve in a mutually beneficial manner. This agreement was reached to avoid the possibility of compelling pressure to terminate Rosenberg's professorship. These circumstances as found by the Board, do not establish necessitous and compelling cause for Rosenberg's resignation *at the time of his separation. See Goffi v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 422, 427 A.2d 1273 (1981) (professor's resignation following threat of discharge, but before trustees' actual decision, found to be premature and without necessitous and compelling cause where claimant could have continued working).

■ Accordingly, we affirm.[3]

3. We also reject Rosenberg's suggestion that the Board's denial of benefits violates his first amendment right to free expression, U.S. Const. amend. I, citing *Hobbie v. Unemployment Appeals Commission,* 480 U.S. 136, 107 S.Ct. 1046, 94 L.Ed.2d 190 (1987), and *Thomas v. Review Board of the Indiana Employment Security Division,* 450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981). In both cases, the claim-

## ORDER

The Unemployment Compensation Board of Review order, No. B–263209 dated January 20, 1988, is affirmed.

ants could not possibly continue working without foregoing constitutional rights, and thus the denial of benefits was found to impose a burden on the exercise of those rights. *Hobbie* (employment required work on Sabbath, contrary to religious beliefs); *Thomas* (employment required production of military weapons, contrary to religious beliefs). This is not the case here. There is no finding that, at the time of his resignation, an employment condition required Rosenberg to forego his public protesting activities. On the contrary, the Board's findings establish that Rosenberg was able to continue working unrestrained by any act of his employer or any personal beliefs protected by the Constitution. Thus, the Board's denial of benefits to Rosenberg did not impinge on his exercise of constitutional rights.