Francis L. WALLACE, Petitioner,

v.

DISTRICT UNEMPLOYMENT COMPEN-
SATION BOARD, Respondent.

No. 5922.

District of Columbia Court of Appeals.

July 26, 1972.

William J. Garber, Washington, D. C., for petitioner.

George A. Ross, Russell L. Carter and Bill L. Smith, Washington, D. C., for respondent.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

This appeal[1] challenges the sufficiency of the evidence supporting a decision of the District Unemployment Compensation Board (Board) disqualifying petitioner from unemployment benefits because he had been discharged from his most recent employment for misconduct.[2] After a careful review of the entire record and authorities cited, we hold that the evidence was sufficient and, therefore, we affirm.

The evidence before the Board can be summarized as follows. Petitioner was employed as a loading platform supervisor for Lansburgh's Department Store. One of his duties was to supervise the loading and unloading of merchandise at the store. On September 25, 1970, petitioner was observed by Sergeant Ford, a special police officer employed by Lansburgh's, giving a sealed carton, later found to contain a television set, to the driver of a potato chip truck parked at the loading platform. Their suspicions aroused because no documents changed hands, Sergeant Ford and his partner followed the truck a short distance when it left and then asked the driver to return to the store. At the hearing before the appeals examiner, Sergeant Ford testified that he was present during a conversation between the driver and a store security officer. According to Sergeant Ford, the driver admitted that the transfer of the television was illegal and that he and petitioner had engaged in several such transactions, the proceeds of which were at the driver's house. Sergeant Ford further testified that, based on this information, the police were contacted and a search warrant for the house was obtained and that Sergeant Ford personally identified approximately $2,600 worth of Lansburgh's merchandise seized by the police from those premises. He also testified that petitioner was arrested by the police and that criminal charges were pending at the time of the hearing. Petitioner's attorney confirmed that the criminal matter was pending before a grand jury and petitioner refused to answer any questions at the hearing.

The starting point of our analysis is the District of Columbia Administrative Procedure Act (APA), D.C.Code 1967, §§ 1–1501 et seq. (Supp. V, 1972), which provides that findings and conclusions of administrative agencies are to be set aside on judicial review if they are found to be "unsupported by substantial evidence in the record of the proceedings before the

1. When we first considered this case, we remanded it to the Board for further proceedings because the Board had failed to comply with the "proposed order" requirements of the District of Columbia Administrative Procedure Act. Wallace v. District Unemployment Compensation Board, D.C.App. 289 A.2d 885 (1972). Since the Board has complied with our directive, we grant the Board's motion to reinstate its order.

2. D.C.Code 1967, § 46–310(b) provides:
   An individual who has been discharged for misconduct occurring in the course of his most recent work proved to the satisfaction of the Board shall not be eligible for benefits with respect to the week in which such discharge occurred and for not less than four nor more than nine weeks of consecutive unemployment immediately following such week, as determined by the Board in such case according to the seriousness of the misconduct. In addition such individual's total benefit amount shall be reduced in a sum equal to the number of weeks of disqualification multiplied by his weekly, benefit amount.

court." D.C.Code 1967, § 1–1510(3) (E) (Supp. V, 1972). We have pointed out before that the legislative history of the APA shows a clear Congressional intent that we employ the same standards for judicial review as other federal courts employ for the Federal Administrative Procedure Act. Basiliko v. District of Columbia, D.C.App., 283 A.2d 816, 818 (1971).

The United States Supreme Court has recently affirmed earlier statements that "substantial evidence" means

" 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, [59 S.Ct. 206, 217, 83 L.Ed. 126] (1938)." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Petitioner argues that the Board should not have relied on the hearsay testimony of Sergeant Ford, and he points to the well known statement in Consolidated Edison Co. v. NLRB, 305 U.S. 197, 230, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938), that "[m]ere uncorroborated hearsay or rumor does not constitute substantial evidence." Unfortunately for petitioner, his citation is too accurate.

■ It is axiomatic that the rigid rules of evidence utilized in a formal trial do not govern administrative proceedings.

The requirement that the administrative findings accord with the substantial evidence does not forbid administrative utilization of probative hearsay in making such findings. Such construction would nullify the first portion of section 7(c), [Federal] Administrative Procedure Act, providing for the receipt of such evidence.[3]

The degrees of probative force and reliability of hearsay evidence are infinite in variation, and its use by administrative bodies, ex necessitate, must in part be governed by the relative unavailability of other and better evidence. However, since "substantial evidence" includes more than "uncorroborated hearsay" and "more than a mere scintilla," the findings, to be valid, cannot be based upon hearsay alone, nor upon hearsay corroborated by a mere scintilla. Founded upon these requirements, the test whether evidence is "substantial," is whether, in the individual case before the court, there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." [Willapoint Oysters, Inc. v. Ewing, 174 F.2d 676, 690–691 (9th Cir.), cert. denied, 338 U.S. 860, 70 S.Ct. 101, 94 L.Ed. 527 (1949) (footnotes omitted).]

"Consequently, hearsay is generally admissible if reliable and may be given such probative force as is warranted." Rocker v. Celebrezze, 358 F.2d 119, 122 (2d Cir. 1966). NLRB v. Imparato Stevedoring Corp., 250 F.2d 297, 302–303 (3d Cir. 1957); Montana Power Co. v. FPC, 87 U.S.App.D.C. 316, 323, 185 F.2d 491, 498 (1950); 2 K. Davis Administrative Law § 14.11 (1958); Annot., Hearsay Evidence in Proceedings Before Federal Administrative Agencies, 6 A.L.R.Fed. 76, §§ 5–7, 9 (1971).

■ In the case at bar, we do not have "mere uncorroborated hearsay"; rather, the hearsay was uncontradicted and was corroborated by the events witnessed by Sergeant Ford, by the seizure of the items personally identified by Sergeant Ford, and by the statement of petitioner's counsel that petitioner was awaiting criminal action. Petitioner's counsel cross-examined

---

3. 5 U.S.C. § 556(d) (1970), (Section 7(c) of the Federal APA), provides in relevant part:
   Any oral or documentary evidence may be received, but the agency as a matter of policy shall provide for the exclusion

of irrelevant, immaterial or unduly repetitious evidence.

The relevant portion of the District of Columbia APA, D.C.Code 1967, § 1–1509 (b) (Supp. V, 1972), is identical.

Sergeant Ford and petitioner could have exercised his right to call rebuttal witnesses, *e. g.*, the driver of the truck, or to testify in contradiction to the hearsay. He chose to stand mute.[4] We hold that there was sufficient evidence "as a reasonable mind might accept as adequate to support [the Board's] conclusion." *See* Richardson v. Perales, *supra*, 402 U.S. at 402, 91 S.Ct. at 1428 (physician's written report sufficient despite absence of cross-examination and presence of opposing medical testimony "when the claimant has not exercised his right to subpoena the reporting physician and thereby provide himself with the opportunity for cross-examination of the physician"). *Compare* Jacobowitz v. United States, 424 F.2d 555, 562–563, 191 Ct.Cl. 444 (1970) (uncorroborated hearsay insufficient when contradicted by direct legal and competent evidence); National Council of American-Soviet Friendship, Inc. v. Subversive Activities Control Board, 116 U.S.App.D.C. 162, 173–175, 322 F.2d 375, 386–388 (1963) (unexplained hearsay allegation of membership in Communist Party is insufficient).

Affirmed.

---

4. It should be noted that D.C.Code 1967, § 46–313(f) (Supp. V, 1972), provides in pertinent part:

   *Disclosure of Information.*—Except as hereinafter otherwise provided, information obtained from any employing unit or individual pursuant to the administration of this chapter and determinations as to the benefit rights of any individual shall be held confidential and shall not be disclosed or be open to public inspection in any manner, whether by subpena or otherwise, revealing the individual's or employing unit's identity. . . .