**UNION FIDELITY LIFE INSURANCE COMPANY, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF INSURANCE, Respondent.**

No. 6562.

District of Columbia Court of Appeals.

Argued Aug. 21, 1972.

Decided Sept. 18, 1972.

E. Barrett Prettyman, Jr., Washington, D.C., with whom John P. Arness, Peter F. Rousselot, Walter Freedman, and Jay W. Freedman, Washington, D.C., were on the brief, for petitioner.

Leo N. Gorman, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before FICKLING, KERN and PAIR, Associate Judges.

PER CURIAM.

This case is before us on a petition for review of a decision and order of the Superintendent, District of Columbia Department of Insurance (Superintendent) revoking the certificate of authority of Union Fidelity Life Insurance Company (UFL) to transact business in the District of Columbia.

On April 7, 1972, the Superintendent served upon UFL ". . . notice . . . to show cause . . . why your [certificate of authority] . . . as a life insurance company should not be suspended or revoked . . . because the principle (sic) officers of [UFL] caused the issuance and circulation of printed material in and from the District of Columbia under the name National Senior Consumers Corp. [NSCC] . . . which may be in violation of the insurance laws of the District of Columbia."

The Superintendent conducted on May 19, 1972, a hearing and exhibits were received into evidence which established, *inter alia*, that NSCC (a Delaware Corporation) was possessed of a certificate of authority, issued by the District of Columbia Superin-

tendent of Corporations, to do business in the District of Columbia. The declared purpose of NSCC was to "furnish to senior citizens and others, or otherwise assist them in acquiring any and all products and services." Received into evidence also were printed materials indicating that NSCC purported to represent senior citizens and to provide a variety of services and benefits, among which was to make available to its members "low cost" hospital insurance. Other exhibits established that UFL had submitted to the Superintendent of Insurance for approval a group master contract for hospital, accident and health insurance,[1] together with the application of NSCC to UFL for a group policy of such insurance for the benefit of present and future active members of NSCC.[2] It was uncontroverted that two of the four directors of NSCC were directors also of UFL, that one of the three officers of NSCC was also an officer of UFL, and that both NSCC and UFL were wholly owned subsidiaries of Union Fidelity Corporation of Delaware. There was no testimony during the proceedings.

After the conclusion of the hearing, the Superintendent on June 6, 1972, made findings of fact, upon the basis of which he concluded "that UFL, through its principal officers caused the issuance of printed material that misrepresented the status of NSCC which they had organized," whereupon petitioner's certificate of authority was revoked.

By D.C.Code 1967, § 35–405, the Superintendent is empowered to suspend or revoke the certificate of authority of any life insurance company to transact business in the District of Columbia which—

(k) has made, issued, circulated, or caused to be issued or circulated any estimate, illustration, circular, or statement of any sort misrepresenting either its status or the terms of any policy issued or to be issued by it, or the benefits or advantages promised thereby, or the dividends or shares of the surplus to be received thereon, or has used any name or title of any policy or class of policies misrepresenting the true nature thereof.

We have reviewed carefully tthe whole of the administrative record, with particular reference to the printed materials under the letterhead of NSCC, and we are not satisfied that such printed materials were misrepresentations within the purview of subsection (k) quoted above. Certainly, the administrative record discloses no evidence, substantial or otherwise, the UFL made any misrepresentation proscribed by that subsection.

Because there was no substantial evidence to support the findings and consistent with the command of the District of Columbia Administrative Procedure Act (APA), D.C.Code 1967, § 1–1510(3)(E) (Supp. V, 1972),[3] the order of the Superintendent revoking petitioner's certificate of authority must be reversed. The case is, therefore, remanded to the Superintendent with instructions to vacate the order of June 6, 1972, and reinstate petitioner's certificate of authority to transact business in the District of Columbia.

So ordered.

1. No such policy was ever approved and, on May 9, 1972, after notice of the hearing, UFL requested withdrawal of the contract forms.

2. There was no showing at the hearing that NSCC had any members or, if so, that any member had made application for such insurance or any other benefit or service.

3. Cf. Wallace v. District Unemployment Compensation Board, D.C.App., 294 A.2d 177 (decided July 26, 1972).