**Lilly M. GIESLER, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

**No. 82–1547.**

District of Columbia Court of Appeals.

Submitted July 1, 1983.

Decided July 19, 1983.*

Lilly M. Giesler submitted a brief pro se.

M. Denise Wilson-Taylor, Washington, D.C., was on the brief for respondent.

Before NEBEKER, MACK and PRYOR, Associate Judges.

PER CURIAM:

Petitioner seeks review of a final order of the Department of Employment Services disqualifying her from receiving unemployment benefits because she voluntarily resigned from her previous employment without good cause connected with the work. D.C.Code § 46–111(a) (1981). We affirm.

Petitioner was employed from 1975 until May 15, 1982 by the Veterans Administration in Washington, D.C. She is married and the mother of a school aged child. In the spring of 1981, petitioner's husband became unemployed in Washington and also received word that both of his parents were ill in Florida. Intending only a temporary departure, petitioner's spouse went to Florida to assist his parents. Although both parents ultimately died, the husband was able to find employment in Florida and remained there. Petitioner and her son continued to reside in Washington. Petitioner observed, however, that over a period of months, their son began suffering numerous headaches and that his performance in school was declining. When the child improved after a brief visit with his father in April 1982, petitioner elected to resign from her job in May 1982, and join her husband in Florida.

Her request for unemployment compensation was denied.

■ The sole question presented is whether petitioner voluntarily left her employment without good cause connected with her work. While an employee's depar-

---

* The original disposition of this case was by an unpublished Memorandum Opinion and Judg-ment. Respondent's motion for publication was granted by the court.

ture from employment is presumed to be involuntary, it is clear that involuntariness means that the decision to leave must be compelled by the employer as contrasted to a volitional act by the employee. *Hockaday v. District of Columbia Department of Employment Services*, 443 A.2d 8, 10 (D.C. 1982).

In this instance, the facts are not in dispute and there is no claim that conditions on the job caused petitioner to leave. Rather, the evidence showed, and the hearing officer found, that petitioner's decision to resign was motivated by her sense of domestic responsibility and was not the consequence of a cause connected with her work. *See Huiet v. Schwob Manufacturing Co.*, 196 Ga. 855, 27 S.E.2d 743 (1943).

Given the framework of the statute, respondent's decision is supported by the evidence and is not plainly wrong.

*Affirmed.*