Vashti S. HILL, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 82–1362.

District of Columbia Court of Appeals.

Submitted June 30, 1983.

Decided Aug. 4, 1983 *.

Kurt Berlin, Washington, D.C., with whom Joseph M. Goldberg, Washington, D.C., was on the brief for petitioner.

Michael A. Milwee, Washington, D.C., was on the brief for respondent.

Before KERN, MACK and FERREN, Associate Judges.

PER CURIAM:

This case comes before the court on a petition for review of a decision by the Office of Appeals and Review in the Office of Unemployment Compensation of the District of Columbia Department of Employment Services. The decision holds that petitioner is disqualified from receiving unemployment compensation because she left work voluntarily without good cause connected with her work, pursuant to D.C.Code § 46–111(a) (1981). We affirm.

Petitioner submitted a letter of resignation from her position as a secretary at the Anacostia Museum of the Smithsonian Institution on February 28, 1982. For approximately a year prior to her resignation petitioner had not reported to work, allegedly due at first to a job-related injury, but thereafter to a subsequently-arising psychiatric disability. On October 26, 1981,

* The decision in this case was originally released as a Memorandum Opinion and Judgment on August 4, 1983, but is being published pursuant to the court's order granting respondent's motion to publish.

the Smithsonian, relying upon an August 1981 psychiatric report provided by petitioner which projected that this psychiatric disability would continue at least until August 1982, proposed that petitioner voluntarily apply for disability retirement. Ms. Hill, represented by counsel, refused to apply for disability retirement; she did not comply with the Smithsonian's request for a current medical report; she did not return to work. On December 1, 1981, the Smithsonian commenced involuntary retirement proceedings. Ms. Hill resigned her position effective as of March 8, 1982 and the application for disability retirement was withdrawn by the Smithsonian on March 18.

Petitioner subsequently filed a claim for unemployment compensation on April 25, 1982. She was initially determined to be ineligible for ·unemployment benefits following a hearing before a Claims Deputy, on the ground that she had left her position voluntarily and without good cause connected with her work. This decision was overturned by an Appeals Examiner, who ruled that the Smithsonian's action to involuntarily retire petitioner constituted a "threat of imminent termination," was thus a "constructive discharge" and thereby an involuntary termination under Regulation 4612.8 (18 DCRR 4977). The Office of Appeals and Review reversed, holding that there was no substantial evidence to support the findings of the Appeals Examiner.

■ The rationale of the Office of Appeals and Review ruling is that the initiation of involuntary psychiatric disability retirement proceedings does not constitute a "threat of imminent termination" under Regulation 4612.8. We agree. The essential elements of "imminence" and "termination" are missing under such circumstances. The incidents flowing from involuntary disability retirement and discharge in the federal context are distinct. One involves removal without compensation, often for disciplinary reasons; the other involves removal for health reasons with benefits including

income and insurance. Moreover, "imminence" is vitiated by the fact that disability retirement decisions are not made by the employing agency, but by the Office of Personnel Management after proceedings conducted with due process protections.[1]

On this record there is no evidence that the employing agency had proposed or begun discharge proceedings. Too, the evidence adduced by petitioner pertaining to the involuntary disability retirement proceedings was irrelevant to the question of an "imminent threat of termination." We thus find that the Office of Appeals and Review was correct in ruling that there was no substantial evidence to support the Appeals Examiner's finding of a constructive discharge.

■ Petitioner further argues that even if it is determined that she left work voluntarily, she did so for "good cause connected with the work," which would thus entitle her to unemployment compensation under § 4612.7(e) and § 4612.4. We disagree. We note initially that petitioner has presented no evidence that her psychiatric disability was connected with her work, thus eliminating the disability as a possible "good cause connected with work" justification under the statute. Moreover, on these facts a decision motivated by the desire to avoid the stigma of airing psychiatric problems would not constitute good cause within the meaning of the statute, particularly in light of the private nature of the involuntary retirement proceedings conducted by the Office of Personnel Management. *See generally Hockaday v. District of Columbia Department of Employment Services,* 443 A.2d 8 (D.C.1982).

The administrative decision from which review is sought is

*Affirmed.*

1. We note that the facts of the instant case also remove it from the ambit of a "quit or be fired" situation. *See Thomas v. District of Columbia Dep't of Labor,* 409 A.2d 164 (D.C.1979).