Pamela D. BOTTS, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

No. 83–636.

District of Columbia Court of Appeals.

Submitted Feb. 17, 1984.

Decided March 13, 1984.

Pamela D. Botts, pro se.

Michael A. Milwee, Washington, D.C., was on brief for respondent.

Before NEWMAN, Chief Judge, and NEBEKER and FERREN, Associate Judges.

FERREN, Associate Judge:

Petitioner appeals from a final decision of the Department of Employment Services (DOES) disqualifying her from receiving unemployment benefits on the basis that she voluntarily quit her last employment without good cause connected with the work. On petition for review, she contends that DOES erred in denying benefits because she qualifies under 18 DCRR 4612.7(f) (1982), which provides that transfer to a location for which transportation is unavailable constitutes "good cause" for a voluntary quit. Concluding that DOES was correct in ruling that this regulation does not apply to petitioner, we affirm.

I.

Petitioner was employed as a corrections officer at the Department of Corrections until May 1982. In October 1981, she slipped and fell while at work, injuring her back. As a result of this injury, she was disabled until March of 1982. On April 6, 1982, the Department of Corrections notified petitioner that she had been transferred from D.C. Jail to a new corrections facility in Lorton, Virginia, effective April 14, 1982. Rather than report to the new location, petitioner called in sick, saying that the long ride would aggravate her back injury. After her sick leave was exhausted, petitioner was placed on AWOL status. Eventually she resigned (in May 1982).

In October 1982, petitioner filed her initial application for unemployment benefits. The claims deputy denied her claim, finding that she had abandoned her job for medical reasons, which do not constitute "good cause connected with the work." *Hockaday v. D.C. Department of Employment Services,* 443 A.2d 8, 11–12 (D.C.1982) (under D.C. Code § 46–111(a) (1981), disqualification must be imposed on persons leaving employment without good cause connected with work). Petitioner appealed this decision and attended a hearing before the Appeals Examiner, at which she testified that she had resigned partly for medical reasons, partly because of lack of transportation, and partly because of her AWOL status. The Appeals Examiner found that petitioner's willingness to accept transfer was a condition of her employment, that her medical claim was unsubstantiated, and that her AWOL status and lack of transportation amounted to "personal reasons" for resignation. Upon further appeal, the office of Appeals and Review affirmed the ruling, finding that petitioner had resigned primarily because of the lack of transportation to Lorton and that, because willingness to accept reassignment was a condition of employment as a corrections officer, the transfer did not constitute "good cause connected with the work." Petitioner then filed a timely petition for review by this court.

II.

Petitioner concedes that willingness to accept reassignment was a condition of her employment. She argues, however, that her disqualification was contrary to 18 DCRR 4612.7(f) (1982). That regulation provides that one reason considered "good cause connected with the work" for a voluntary resignation is "[t]ransportation problems arising from ... transfer of the employee to a different work site; Provided, that adequate, economical and reasonably distanced transportation facilities are not available." Petitioner contends that, because her reason for leaving is encompassed within the plain wording of the regulation,

the Department's interpretation is erroneous and must be reversed.

■ In reviewing an agency's decision on a question of law such as this, we "give great weight to any reasonable construction of a regulatory statute adopted by the administrative agency charged with its enforcement." *Gomillion v. DOES*, 447 A.2d 449, 451 (D.C.1982) (citations omitted). Here, DOES has interpreted 18 DCRR 4612.7(f) not to apply to situations, such as petitioner's, where willingness to accept transfer is a condition of employment. We conclude that this interpretation is eminently reasonable.

The contrary interpretation urged by petitioner would, in effect, render the condition of willingness to accept reassignment meaningless. If transfer to a new work site were regarded as good cause for resignation in these circumstances, an employer whose business required frequent transfer of employees to work sites inaccessible to public transportation would be left without any means of protecting itself against an increased contribution to unemployment benefits caused by the resignations of reassigned employees. Such a result would be comparable to allowing benefits to employees who accepted initial employment at a work site inaccessible to public transportation, and then resigned on the basis of that inaccessibility. The orderly administration of the compensation system requires that employees be held to reasonable conditions of employment of which they have been informed.

*Affirmed.*