Jerome Frank HARRIS, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 83–842.

District of Columbia Court of Appeals.

Argued March 8, 1984.

Decided March 22, 1984.*

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment on March 22, 1984, but is being published pursuant to the court's order granting respondent's motion to publish.

Jerome Frank Harris pro se.

N. Denise Wilson-Taylor, Washington, D.C., for respondent.

Before NEWMAN, Chief Judge, MACK, Associate Judge and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

This case comes before the court on a petition for review of a decision by the Office of Appeals and Review in the Office of Unemployment Compensation of the District of Columbia Department of Employment Services. The decision holds that petitioner is disqualified from receiving unemployment compensation because he left work voluntarily without good cause connected with his work, pursuant to D.C.Code § 46–111(a) (1981). We affirm.

## I

Petitioner was formerly employed as a dental technician at Ring Dental Laboratory, Inc. Testimony taken from petitioner and his former employer indicates that a general morale problem existed among the six technicians of the laboratory, and that on April 19, 1983 the owner called a meeting to determine whether the staff wished to resolve their personality conflicts and continue their employment. At the outset of the meeting, the owner stated that he would just as soon close the laboratory than "put up with a lot of foolishness from some of the people working there." With that in mind, the owner proceeded to ask the employees if they desired to remain on the job, and each in turn answered in the affirmative, with the exception of petitioner.

Petitioner testified that he responded to the owner's inquiry by requesting an increase in salary, which resulted in his immediate dismissal. The owner and assistant manager of the laboratory both testified that petitioner's initial response to the question was "I don't know," but that when he was pressed for an answer, petitioner retorted "I don't have to take this *shit*." Thereafter petitioner gathered his belongings and walked off the job. As petitioner started out the door, the owner remarked "This saves me the trouble of firing you." With respect to this last remark, the owner testified, when questioned by the Examiner, that even though he had experienced trouble with the petitioner in the past, petitioner would not have been fired had he indicated that he desired to work out the problems that existed among the staff. The assistant manager also testified that there had been no predetermination to fire the petitioner or anyone else on the staff.

Petitioner subsequently filed a claim for unemployment compensation on April 20, 1983. He was determined to be ineligible for unemployment benefits by a Claims Examiner, on the ground that he had left his position voluntarily without good cause connected with the work. That determination was affirmed, following a hearing, by an Appeals Examiner, whose decision was affirmed in turn by respondent's Office of Appeals and Review. This appeal followed.

## II

 Because of the limited scope of our review, we will reverse the findings of the Department only if they are "unsupported by substantial evidence in the record of the proceedings before the court." D.C. Code § 1–1510(a)(3)(E) (1981); *see Hockaday v. District of Columbia Department of Employment Services*, 443 A.2d 8, 12 (D.C.1982). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wallace v. District Unemployment Compensation Board*, 294 A.2d 177, 179 (D.C.1972) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). We conclude that the record contains substantial evidence to support the Department's determination that petitioner left his employment voluntarily without good cause connected with the work. D.C.Code § 46–111(a) (1981). There is a regulatory presumption in this jurisdiction that a leaving is involuntary on the part of the claimant unless the facts clearly indicate otherwise,

but this presumption is rebuttable. *See Hockaday, supra,* 443 A.2d at 10; *Thomas v. District of Columbia Department of Labor,* 409 A.2d 164, 171 (D.C.1979). In light of the facts developed at petitioner's hearing, we find that the presumption of involuntariness was overcome.

At the hearing petitioner maintained that he was fired by his employer as opposed to having voluntarily left his job. Voluntariness means "voluntary in fact, within the ordinary meaning of that term." 28 D.C.Reg. 4965, 4976, § 4612.2 (1981). "That question must be determined by reference to whether the employee's action was compelled by the employer rather than based on the employee's volition." *Hockaday, supra,* 443 A.2d at 10; *see also Giesler v. District of Columbia Department of Employment Services,* 471 A.2d 246 (D.C. 1983). In the present case, the record supports a finding that the owner of the dental laboratory did not compel petitioner to resign. Moreover, we can find no support for petitioner's claim that he had been fired because he requested a salary increase. The Examiner offered to continue the hearing so that petitioner could subpoena witnesses to corroborate his allegation, but petitioner declined to avail himself of the offer. The owner's remark "This saves me the trouble of firing you" was properly construed by the Examiner as an afterthought entitled to no weight. *Lawlor v. Unemployment Compensation Board of Review,* 37 Pa.Commw. 380, 385, 391 A.2d 8, 11 (1978) (language used by employer lacked the immediacy and finality of a "firing"); *Yasgur v. Unemployment Compensation Board of Review,* 16 Pa.Commw. 33, 328 A.2d 908 (1974) (claimant's precipitous action constituted a voluntary termination). We find that the Office of Appeals and Review was correct in ruling that there was substantial evidence to support the Appeals Examiner's finding of voluntariness.

Having sustained this finding, we turn to the second issue: whether petitioner had good cause connected with his work for his voluntary leaving. Unlike the presumption of involuntariness that petitioner enjoyed with respect to the first issue, petitioner bore the responsibility for presenting evidence sufficient to support a finding of good cause in his favor. 28 D.C.Reg. 4965, 4676, § 4612.4 (1981); *see also Hockaday, supra,* 443 A.2d at 11 (claimant bears the burden of proof). Petitioner failed to carry this burden. We conclude that the Department's decision holding petitioner ineligible for benefits was correct.

The administrative decision from which review is sought is

*Affirmed.*