**Joyce K. SCHROEDER, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

No. 83–1052.

District of Columbia Court of Appeals.

Submitted July 25, 1984.

Decided Aug. 24, 1984.

---

Before NEBEKER, PRYOR and BEL-SON, Associate Judges.

PER CURIAM:

Petitioner challenges a final decision of the District of Columbia Department of Employment Services, disqualifying her from receiving unemployment compensation benefits on the ground that she left her most recent job voluntarily and without good cause connected with the work. D.C. Code § 46–111(a) (1981); 18 DCRR § 4612.1 (1982). We affirm.

■ The record reveals that petitioner was employed as an Education and Cultural Affairs Specialist with the United States International Communications Agency until June 1982, when she quit her job solely in order to relocate to California with her husband. Our cases demonstrate that a decision to resign employment and follow one's spouse to a new location is based upon the desire to maintain the family unit and is not the consequence of a cause connected with the work. *Giesler v. District of Columbia Department of Employment Services*, 471 A.2d 246 (D.C.1983) (per curiam).

■ However, petitioner maintains that the statute, § 46–111(a), is unconstitutional, arguing that it discriminates against her on the basis of sex. Section 46–111(a) provides in pertinent part that "[a]n individual who left his most recent work voluntarily without good cause connected with the work ... shall not be eligible for benefits ...." We cannot agree that the statute, neutral on its face, discriminates against the petitioner because she is a woman. Indeed, petitioner has offered no evidence that she was treated differently from a male claimant who voluntarily quit his job to relocate with his wife in another state. While generally it may be true that the wife more often than the husband relocates to accommodate a spouse's career choices, that fact alone does not establish that the

Joyce K. Schroeder filed a brief pro se.

Michael A. Milwee, Washington, D.C., was on the brief for respondent.

statute, or the manner in which it is applied, discriminates unconstitutionally against petitioner. In this context, we perceive no basis for subjecting § 46–111(a) to the strict scrutiny that petitioner seeks. *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974) (a disability insurance program covering all disabilities except those resulting from pregnancy did not amount to invidious discrimination under the Equal Protection Clause).[1] *See, e.g., Pyeatt v. Idaho State University,* 98 Idaho 424, 565 P.2d 1381 (1977) (per curiam).

The legislature's decision denying unemployment compensation to those who leave their jobs without good cause connected with the work is a rational determination designed to limit the costs of the program and encourage stability at the workplace. Nothing in the Constitution prevents the legislature from making such choices. *Williamson v. Lee Optical Co.,* 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955).

*Affirmed.*