Cozetta LYONS, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 87–744.

District of Columbia Court of Appeals.

Submitted Oct. 20, 1988.
Decided Dec. 29, 1988.

---

Cozetta Lyons, pro se.

N. Denise Wilson–Taylor Washington, D.C., and Michael A. Milwee were on the brief for respondent.

Before MACK, BELSON, and STEADMAN Associate Judges.

BELSON, Associate Judge:

This is a petition for review of a final decision of the Department of Employment Services (DOES) denying unemployment compensation on the basis that petitioner voluntarily quit her job without good cause connected with the work when she left her employment because of her serviceman husband's transfer to an overseas assignment. We affirm.

Petitioner Cozetta Lyons left her civilian job as a cashier at the Bolling Air Force Base commissary when her husband, on active duty in the United States Air Force, was reassigned overseas. As a result, petitioner stated, the family lost its military housing. Ms. Lyons therefore relocated temporarily to South Dakota with her two sons until her husband's orders were made final. Ms. Lyons applied for unemployment compensation.

The claims examiner rejected Ms. Lyons' application because she had left her work voluntarily without "good cause connected with the work." *See* D.C.Code § 46–111(a) (1981). After two hearings by telephone, an appeals examiner affirmed the claims examiner's action and ruled that Ms. Lyons had left her job at the Bolling commissary due to "personal or domestic responsibilities." 7 DCMR § 311.6 (1986). Upon Ms. Lyons' further appeal to the Office of Appeals and Review, the decision to deny her compensation was once again affirmed. Ms. Lyons now petitions this court for review.

In reviewing such an administrative decision, this court confines its inquiry to whether the findings and conclusions of the agency are supported by substantial evidence. *Thomas v. District of Columbia Dep't of Labor*, 409 A.2d 164, 169 (D.C. 1979); D.C.Code § 1–1510(a)(3)(E) (1981). We defer to the agency's interpretation and application of the regulations it administers. *Ronald Anthony v. District of Columbia Dep't of Employment Servs.*, 528 A.2d 883, 884 (D.C.1987) (per curiam).

We affirm the finding that Ms. Lyons' leaving was voluntary, even though it was the result of her husband's transfer, because her leaving was not due to any action on the part of her employer. *Hockaday v. District of Columbia Dep't of Employment Servs.*, 443 A.2d 8, 10 (D.C.1982). The decision to leave work is considered voluntary if it is based on a volitional act of the claimant, rather than compelled by the employer. *Giesler v. District of Columbia Dep't of Employment Servs.*, 471 A.2d 246, 246–47 (D.C.1983) (per curiam). In the case of a voluntary separation from employment, the claimant has the burden of establishing good cause. *Hockaday, supra*, 443 A.2d at 11. Under the applicable regulations, the test for what constitutes "good cause connected with the work" is "what would a reasonable and prudent person in the labor market do in the same circumstances?" 7 DCMR § 311.5 (1986). In order to give additional content to that test, the regulations go on to set forth examples of reasons that do or do not constitute "good cause connected with the work." Among those that do not constitute good cause within the meaning of the statute are "personal or domestic responsibilities." 7 DCMR § 311.6(g) (1986). This court has held that relocation to accommodate a spouse is not a work-related cause.

*Schroeder v. District of Columbia Dep't of Employment Servs.,* 479 A.2d 1281, 1282 (D.C.1984).

The regulations give several additional examples of reasons that do constitute "good cause connected with the work." It is significant that all of the examples involve reasons that are related directly to the terminated employment. They include racial or sexual harassment or discrimination on the job, failure to pay for an employee's services, unsafe conditions on the job, and illness or disability caused or aggravated by the work. 7 DCMR § 311.7(a)–(e) (1986). Clearly, Ms. Lyons' reasons for leaving do not fit in any of these categories. A final illustration of "good cause connected with the work" involves transportation problems due to the employer's relocation, change in the primary work site, or transfer of the employee to a different work site. 7 DCMR § 311.7(f) (1986). On the record of this case, none of these conditions was present. Ms. Lyons did not face any relocation problems that related to her work at the commissary. Rather, her decision to relocate arose entirely out of her husband's transfer.

Essentially, Ms. Lyons asserts that her leaving was due to personal financial considerations rather than mere preference. We are persuaded that we should not overturn the Department's determination that leaving employment to relocate with a spouse, even when the decision is prompted by financial considerations, is properly subsumed within the rubric of "domestic and personal" reasons, thus we uphold the agency ruling that her reason for leaving does not constitute "good cause connected with the work." The decision by DOES denying petitioner's application for unemployment compensation is therefore

AFFIRMED.