Lucille L. Sweigart, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Conestoga View, Intervenor.

Argued September 10, 1979, before Judges BLATT, DiSALLE and MACPHAIL, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*Gary Marini,* Assistant Attorney General, with him *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

*William W. Boyd,* and *Xakellis, Perezous & Mongiovi,* for intervenor.

OPINION BY JUDGE MACPHAIL, November 28, 1979:

Lucille L. Sweigart (Claimant) appeals to this Court from a decision of the Unemployment Compensation Board of Review (Board) affirming an order of the Office of Employment Security (Office) which denied unemployment compensation benefits to Claimant. The Office found that Claimant voluntarily terminated her employment without cause of a necessitous and compelling nature and, therefore, was ineligible to receive benefits. Section 402 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(b)(1). Claimant raises two issues for our consideration: whether she voluntarily terminated her employment and, if she did, whether she had cause of a necessitous and compelling nature for doing so. We hold that Claimant did not voluntarily terminate her employment and we remand this case for further proceedings.

In an appeal from a decision of the Board finding against the party who bore the burden of proof before the Board, this Court is limited to determining whether the Board's findings of fact are consistent with each other and with the Board's conclusions of law and its order and whether the findings can be sustained without a capricious disregard of competent evidence. *Baird v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 118, 121, 372 A.2d 1254, 1257 (1977). Whether an employee voluntarily terminates his or her employment or is discharged is a question of law and properly subject to our review. *Rettan v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 287, 290, 325 A.2d 646, 647 (1974).

In the instant case, Claimant had worked as a nurse's aide for Conestoga View (Employer), a nursing home, for approximately three and a half years prior to her termination. During that time, Claimant had a history of personnel problems which she characterized as harassment by other employees. She requested several times that her work shift or floor assignment be changed; Employer granted many, although not all, of the requests. Claimant last worked for Employer on May 8, 1977. She did not work during the following week because of an illness which she reported to Employer. On May 13, 1977, Employer's Administrator sent to Claimant a letter which summarized the difficulties between Claimant and Employer and concluded by stating:

It is my opinion that further discussion on all of these matters is pointless. I am requesting that you come to a realization that Conestoga View is not a suitable place of employment for you. Therefore, I would similarily request your resignation effective immediately.

I am very sorry that we have no other recourse in this matter.

On May 19, she resigned.

Initially, the question before us is whether Claimant's resignation was a voluntary termination of her employment or whether she was, in fact, discharged. In her summary interview with the Office, Claimant wrote that she "quit" her job because of heavy lifting, an unmanageable workload, and harassment by other employees. The Office denied her benefits finding that she left her employment voluntarily without cause of a necessitous and compelling nature because "she felt she was being harrassed [sic] and that the lifting was too heavy." The Board affirmed this decision finding that Claimant voluntarily terminated her em-

ployment because of "alleged harassment by her supervisors and fellow employees." Following rehearing and reconsideration, the Board again affirmed the Office's decision finding that Claimant voluntarily terminated her employment "because she felt she was being unduly harassed at her job and was being given too much heavy work to do."

Claimant's acknowledgement in her written interview that she "quit" is not determinative of the voluntary termination issue. All parties agree that Claimant submitted her resignation to Employer and, therefore, that she technically "quit" her job. We are not concerned, however, with the physical act of quitting but with whether Claimant did so of her own volition or whether she was compelled to do so by Employer.

In *Labor and Industry Department v. Unemployment Compensation Board of Review*, 133 Pa. Superior Ct. 518, 3 A.2d 211 (1938), the Superior Court defined voluntary as leaving on one's own motion and as the opposite of discharge. "[W]here the employe, *without action by the employer*, resigns, leaves or quits his employment, his action amounts to 'voluntarily leaving work,' . . . ." (Emphasis added.) *Id.* at 522, 3 A.2d at 214. In cases similar to the one before us now, we have held that in order for an employer's language to be interpreted as a discharge, it must possess the immediacy and finality of a "firing." *Lawlor v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 380, 385, 391 A.2d 8, 11 (1978); *Rizzitano v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 59, 62, 377 A.2d 1060, 1061 (1977). The degree of certainty in an employer's language resulting in a termination has often been the difference between those cases in which the Courts have found that an employee's termination was voluntary and those in which the employer's rather than the employee's act was deemed to effect the ter-

mination. *Cf. Smith v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 57, 398 A.2d 256 (1979) (where we held an employee's resignation in response to a supervisor's telling her that he would *recommend* to the agency director that she be fired to be a voluntary termination because of the uncertainty that the director would have accepted the supervisor's recommendation) and *Thomas v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 398, 322 A.2d 423 (1974) (where we held an employee's failure to return to work after he had been told by his employer that if he did not work on a certain Sunday, which he did not do, that he need not return at all, to be a discharge).

What was the intent if not the clear meaning of the language we have quoted from the Employer's letter? Did the Claimant have any choice other than to resign? We think not. Employer's representative testified:

At that point harrassment [sic] that we were undergoing by employee, that [sic] *we felt it was necessary to terminate the employee.*

QR: Actually then you had asked her then to leave; is that correct?

AE: *In a sense, yes.* I verbally at that time felt that we had attempted every possible resolution to the problems that Mrs. Sweigert had and we felt that there was really little more that could be done to work out the multitude of problems. . . . (Emphasis added.)

That testimony reveals what was intended by the last words in the letter, "[W]e have no other recourse in this matter." (Emphasis added.) Had the matter of resignation been a voluntary choice for Claimant, those words would have no meaning or purpose at all. The "finality" requisite of *Lawlor v. Unemployment Compensation Board of Review* is satisfied by the

statement that "Conestoga View is not a suitable place of employment for you." The "immediacy" requirement is found in the words, "I would similarly request your resignation effective *immediately*." (Emphasis added.)

On a review of the facts of this case, we must find that the Board erred as a matter of law in concluding that Claimant voluntarily terminated her employment with Employer. We need not reach the question, then, of whether she had cause of a necessitous and compelling nature for doing so. Our inquiry, however, does not end here.

Employer had the right to terminate Claimant's employment. In order for Claimant to be eligible for unemployment compensation benefits following that termination, it must be determined that her discharge was not due to willful misconduct. The making of specific findings concerning willful misconduct is within the province of the Board, not this Court. *See Endres v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 567, 570, 391 A.2d 61, 62 (1978). "[W]e cannot assume on this record that the Board would [or would not] have found willful misconduct on the part of the claimant when it did not consider that question." *Firmstone v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 158, 161, 370 A.2d 749, 750 (1977). We must reverse the order in this case, then, and remand the matter to the Board for proceedings and determinations not inconsistent with this opinion.

## ORDER

AND Now, this 28th day of November, 1979, the Order of the Unemployment Compensation Board of Review, Decision Number B-149398-B, dated May 22, 1978, is reversed and the above-captioned matter is remanded for proceedings consistent with this opinion.