Store Equipment Company, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1981, before Judges BLATT, MacPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Marvin J. Apple,* with him *Michael F. Krawitz, Apple and Bernstein,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 17, 1981:

Store Equipment Company, Inc. (employer) petitions for review of the order of the Unemployment Compensation Board of Review, granting benefits to claimant Regis J. McClelland. That order was based upon a determination by the Board that the claimant's separation from his employment was involuntary in nature, and that the claimant cannot be denied benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act).[1] Although the employer never alleged that the claimant's unemployment was due to a discharge for willful misconduct, the Board, apparently on its own motion, raised this issue, and thereafter determined that the claimant cannot be denied benefits under Section 402(e) of the Act[2] because the employer had not met its burden of proof in that regard. We affirm.

Our review of the record reveals that claimant's application for benefits was initially denied by the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[2] Section 402(e) of the Act provides that any employee whose unemployment is due to discharge for willful misconduct is ineligible to receive unemployment compensation 43 P.S. §802(e).

Bureau of Employment Security (Bureau) under Section 402(b)(1) of the Act. That section renders ineligible for unemployment compensation, any employe who voluntarily terminates his or her employment without cause of a necessitous and compelling nature. The denial of benefits by the Bureau was affirmed by the referee. Following a subsequent remand hearing, however, the Board reversed, making several findings of fact. Those findings are supported by substantial record evidence and may be summarized as follows:

The claimant was last employed as a consultant by Store Equipment Co., Inc. on a draw-against-commission basis; his last day of work was December 28, 1978. In August of 1976, the employer entered into a series of agreements with the claimant. Under the terms of the agreements, claimant sold out his interest in the company as consideration for his being given a seven year contract of employment as a salesman/consultant. However, in December of 1978, the employer asked the claimant to cancel the seven year employment contract and informed the claimant that if he refused to do so, he would be summarily fired. Claimant chose the former and signed a cancellation agreement. Pursuant to the cancellation agreement, the employer paid a lump sum of $32,000.00 to claimant and gave him the car which he had use of and was to eventually receive under the seven year contract.

It is the employer's position that the claimant's act of cancelling the employment contract constitutes a voluntary termination of employment, rendering claimant ineligible for benefits under Section 402(b)(1). The Board, on the other hand, found that claimant cancelled the seven year contract when faced with the choice of doing so or being fired. In light of that critical finding, the Board properly concluded that the claimant's separation was involuntary in nature and that claimant cannot be denied benefits under Section

402(b)(1). That conclusion is consistent with the standards set forth in *Sweigart v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979) on the issue of whether a claimant's resignation constitutes a voluntary termination of employment or, in fact, a discharge. A remand on the issue of willful misconduct is not necessary here, however, since the employer did not raise the issue.

### ORDER

AND Now, the 17th day of June, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-174885, dated August 16, 1979 is affirmed. .

Judge WILKINSON, JR. did not participate in the decision in this case.