Aluminum Company of America, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 1, 1981, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

J. *Anthony Messina,* with him *Kenneth L. Oliver,* and *Rebecca J. Clement, Pepper, Hamilton & Scheetz,* and *Russell W. Porter, Jr.,* for petitioner.

*William Kennedy,* Assistant Attorney General, with him *James Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, September 16, 1981:

Aluminum Company of America (ALCOA) appeals 12 decisions of the Pennsylvania Unemployment Compensation Board of Review granting benefits to claimants in holding that the employees did not engage in willful misconduct.[1] We affirm.

___

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The claimants were packers and helpers in the pack/ship department. On July 20, 1978, they were dismissed for alleged participation in a work slowdown, a violation of a labor-management agreement.[2]

ALCOA's evidence showed reduced productivity and a uniform refusal of voluntary overtime by *all* members of that department. ALCOA also maintains that acts of vandalism occurred during the slowdown and were attributable to members of the department though no specific incident and employee was ever connected. It contends that the evidence presented, coupled with the three criteria for dismissal, conclusively establishes the existence of a deliberate production slowdown by the claimants. We disagree. Although evidence clearly shows a reduction in department productivity, proof of a department-wide slowdown of itself is not enough to prove actual participation on the part of a select group of employees. We cannot infer from ALCOA's test for dismissal that these individual employees participated in a slowdown absent specific evidence on the part of these individuals.

In addition, ALCOA argues that both a refusal of voluntary overtime and vandalism constitute willful misconduct in and of themselves. We cannot sanction that refusal of voluntary overtime is willful misconduct, especially when coupled with legitimate reasons for refusal. The allegations of vandalism must fail for lack of specificity. There is no evidence tying anyone to acts of vandalism.

---

[2] ALCOA established three criteria for dismissal: (1) the employee must have been assigned to the pack/ship department at least 75 days during the slowdown; (2) the employee must have been a packer or helper in the pack/ship department on the last day of the slowdown; and (3) the employee must not have attempted to transfer out of the department at any time during the slowdown.

After a thorough review of the record, we find the Board's order, conclusions of law and findings of fact to be consistent and sustainable without a capricious disregard of competent evidence. *See Swiegart v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979).

Affirmed.

### Order

The Unemployment Compensation Board of Review orders at B-176190, B-176191, B-176192, B-176193, B-176194, B-176195, B-176196, B-176197, B-176198, B-176199, B-176200 and B-176201, each dated September 28, 1979, and granting unemployment compensation benefits to Bruce D. Weaver, Ronald L. McFeaters, Dale N. Hetrick, Robert A. Henry, Charles B. Reilly, Jr., Lee W. Reddinger, Jr., Allen A. Angley, Richard A. Wolfe, Jr., Roger D. May, Ronald G. Smith, George D. Good and Herman Zerbe, respectively, are affirmed.

Date: September 16, 1981.