**Margarita I. DAVILA, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 25, 2007.
Decided June 26, 2007.

Margarita I. Davila, petitioner, pro se.

Randall S. Brandes, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

Margarita I. Davila (Claimant), *pro se*, petitions for review from the order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1]

The relevant facts as found by the Board are as follows:

1. The claimant was last employed as a social work supervisor by the City of Philadelphia from February 8, 1988, at a final rate of $59,889 and her last day of work was April 14, 2006.

2. The employer has a program called the DROP program, which employees who are of retirement age may choose to participate in.

3. The employee must file an application and if approved must retire within four years of the application date.

4. During this time period neither the employer nor the employee contribute to the employer's pension, and the employee's pension amount no longer increases.

5. Monthly pension credits, in the amount of the pension payment the employee would be entitled to, are made to a special account for the employee.

6. When the claimant retires she is entitled to a lump sum payment of the amount credited to the special account.

7. The claimant applied for and was accepted into the DROP program.

8. Continuing work was available to the claimant had she not retired.

9. The claimant retired effective April 14, 2006, pursuant to the terms of the DROP program.

Board Decision, January 8, 2007, Findings of Fact Nos. 1–9 at 1–2; Reproduced Record (R.R.) at 2a–3a.

The Board determined that Claimant did not have a necessitous and compelling reason to quit her job:

The claimant retired pursuant to the employer's DROP program which she voluntarily participated in. The claimant has not provided the Board with her reason for entering the program, which required her to retire within four years. The Referee did inquire about the reason, but the claimant did not wish to present testimony on this issue. The claimant alleges that she had a cause of a necessitous and compelling nature to quit because she was required to under the DROP program. The Board finds this argument to be without merit.

The claimant chose to enter the program, which she knew required her to retire. The claimant has not presented any testimony or evidence to establish that she had a reason to enter into this agreement that the Board can consider good cause for her to do so. Section 3, which has been called the Keystone of the Pennsylvania Unemployment Compensation Law, states that the purpose of the Law is to protect individuals who are unemployed through no fault of their own. A review of the DROP program, which was submitted into evidence, shows that the claimant received a financial gain by entering the program. The record does not indicate that the claimant was in imminent danger of being laid off at the time she entered the program or at the time of her separation. Therefore, the Board also concludes that the claimant is not unemployed through no fault of her own. Accordingly, the Board must conclude that the claimant did not have cause of a necessitous and compelling nature to voluntarily leave

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

her employment and is ineligible for benefits under Section 402(b) of the Law.

The claimant referred to the DROP program at the Referee's hearing as an established employer program. While it was an established program the claimant was not laid off. Therefore, the proviso to Section 402(b) of the Law for employees who accept a layoff pursuant to an established employer program does not apply.

Opinion at 3; R.R. at 4a.[2]

■ Claimant contends that her participation in the DROP [Deferred Retirement Option Plan] provided cause of a necessitous and compelling nature for her to leave her employment and that she became unemployed through no fault of her own.[3]

■ An employee who voluntarily terminates employment shoulders the burden of proving that such termination was necessitous and compelling. The question of whether a claimant has a necessitous and compelling[4] reason to terminate employment is a question of law reviewable by this Court. *Willet v. Unemployment Compensation Board of Review,* 59 Pa. Cmwlth. 500, 429 A.2d 1282 (1981). Where an employee resigns, leaves, or quits without action by the employer, the action amounts to a voluntary termination. *Sweigart v. Unemployment Compensation Board of Review,* 47 Pa.Cmwlth. 421, 408 A.2d 561 (1979).

Claimant asserts that she had a necessitous and compelling reason for terminating because she was legally obligated under the DROP to resign within four years of entering the program. Because the City of Philadelphia (Employer) instituted the program, Claimant asserts that she may not be disqualified from receiving unemployment compensation benefits. Further, Claimant asserts that Employer did not state in the Philadelphia City Code or Home Rule Charter that a participant in DROP was ineligible to receive unemployment compensation benefits. At the hearing before the referee, Claimant stated, "[t]he reason why I joined that program are not an issue here." Notes of Testimony, October 30, 2006, at 9; R.R. at 14a.

■ In order to prove that a claimant had a necessitous and compelling reason for quitting employment, a claimant must establish that circumstances existed which produced real and substantial pressure to terminate employment, that like circumstances would force a reasonable person to quit, that the claimant acted with ordinary common sense, and that the claimant made a reasonable effort to preserve employment. *The Western and Southern Life Insurance Company v. Unemployment Compensation Board of Review,* 913 A.2d 331 (Pa.Cmwlth.2006).

Here, this Court agrees with the Board that Claimant failed to shoulder her burden. Claimant's sole reason for retiring

---

2. The Board also determined that Claimant could appeal the Service Center's determination *nunc pro tunc.* That issue is not before this Court.

3. This Court's review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or essential findings of fact were not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review,* 161 Pa.Cmwlth. 464, 637 A.2d 695 (1994).

4. Good cause for voluntarily leaving one's employment results from circumstances which produce pressure to terminate employment that is both real and substantial and which would compel a reasonable person under the circumstances to act in the same manner. *Philadelphia Parking Authority v. Unemployment Compensation Board of Review,* 654 A.2d 280 (Pa.Cmwlth.1995).

was because she applied for and was accepted into the DROP program and the program required her to retire within four years of her application date. Claimant has not established that she was in danger of losing her job had she not entered the DROP. In fact, the Board credited the testimony of Douglas Abbott, Administrative Trainee I for Employer, that Claimant had continuing work available. Even if Employer attempted to induce employees to leave employment through the DROP, that inducement without additional circumstances, such as a lack of continuing work, either at the time of the inducement or at a certain point in the future, would not

provide a necessitous and compelling reason for terminating employment. *See Staub v. Unemployment Compensation Board of Review,* 673 A.2d 434 (Pa. Cmwlth.1996).[5]

Accordingly, this Court affirms.

### *ORDER*

AND NOW, this 26th day of June, 2007, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

**5.** Claimant makes reference to her right to equal protection. However, she failed to raise this argument in her Statement of Questions Involved and did not develop the argument or cite any pertinent case law in her brief. This issue is waived. *See Commonwealth v. Unger,* 494 Pa. 592, 595 n. 1, 432 A.2d 146, 147 n. 1 (1980); *See also Ruiz v. Unemployment Compensation Board of Review,* 911 A.2d 600, 605 n. 5 (Pa.Cmwlth. 2006).