# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shon Bright,                               :
                                           :
                Petitioner                 :
                                           :
        v.                                 : No. 2039 C.D. 2014
                                           : Submitted: June 26, 2015
Unemployment Compensation                  :
Board of Review,                           :
                                           :
                Respondent                 :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  August 25, 2015**


         Shon Bright (Claimant) petitions for review of the decision and order
of the Unemployment Compensation Board of Review (Board), holding that he is
ineligible for unemployment compensation benefits under Section 402(b) of the
Unemployment Compensation Law (Law)[1] because he voluntarily quit his job
without a necessitous and compelling reason.  We affirm.

         Claimant was employed by Glass Enterprise Inc. (Employer) from
July 2010 until December 24, 2013, when he voluntarily quit his employment

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, § 402(b), *as amended*, 43 P.S. §
802(b).  Section 402(b) provides, in relevant part, that "[a]n employe shall be ineligible for
compensation for any week… [i]n which his unemployment is due to voluntarily leaving work
without cause of a necessitous and compelling nature …." *Id*.

because he believed that certain individuals, including his coworkers and his neighbor, wanted to kill him for money both because of events that occurred during his prior incarceration and because of his involvement in testifying against an individual regarding a murder. (Record Item (R. Item) 11, Board's Decision and Order (Board Op.), Findings of Fact (F.F.) ¶¶ 1, 3, 17.)

Claimant applied for unemployment compensation benefits and by Notice of Determination dated March 4, 2014, the Unemployment Compensation Service Center (Center) determined that Claimant was not ineligible for benefits under Section 402(b) of the Law because he was being harassed by other employees and their friends, had informed Employer of his reasons for leaving, and had exhausted all alternatives prior to quitting his employment. (R. Item 4, Notice of Determination.) Employer timely appealed and on April 14, 2014 a referee hearing was held, at which Claimant testified, together with Employer's President and Employer's Human Resource Manager. (R. Item 8, Transcript of Testimony (H.T.).) Both Claimant and Employer's President testified that Claimant had called Employer's President and told him about a bounty on his head and the fact that his coworkers were threatening him, but when Employer's President offered to discuss the issue with Claimant's coworkers, Claimant told him that he did not want him to do so. (*Id*. at 10, 16.) Employer's Human Resource Manager testified as to Employer's policy with regard to the steps an employee must take to report that he or she is being harassed or threatened on the job, as set forth in Employer's Employee Handbook; he testified that Claimant did not make a report, either verbally or in writing, and at the time he quit his employment, Claimant simply indicated that his reason for leaving was "personal." (*Id*. at 27-28.)

2

At the hearing, the referee questioned Claimant as to why he had not contacted the police. Claimant initially stated that he did not go to the police because he had no proof and that the police would not believe him; he stated further that it had been a homicide detective who "really started a lot of stuff that's going on," and that no one would testify for him in court because [Claimant] was "already a snitch." (R. Item 8, H.T. at 11.) He later testified that he did not go to the police because he had gone to the police previously, with testimony about a murder that occurred in 2009, and the police had given away his identity as a "snitch." (*Id*. at 14.) In response to a question from Employer's President, Claimant stated that in addition to three coworkers and "people on the street," a police officer was involved in the conspiracy to kill him. (*Id*. at 14-15.)

The referee affirmed the determination of the Center, finding that Claimant had established a necessitous and compelling reason for his voluntary resignation because he feared for his life, had a bounty on his head and was being menaced at work. (R. Item 9, Referee's Decision/Order, F.F. ¶¶ 3-5; Reasoning at 2.) The referee reasoned that Claimant could not be safe in the workplace and had no choice but to quit his employment so that he could not be found there. (R. Item 9, Referee's Decision/Order, Reasoning at 2.)

Employer appealed the referee's decision to the Board and the Board reversed, denying benefits. The Board stated that it did not credit Claimant's testimony, and noted specifically that it did not credit Claimant's testimony that his coworker made a gesture with his hands like he was holding a gun and pulling the trigger. (R. Item 11, Board Op. at 3.) The Board also did not credit Claimant's testimony as to why he did not contact the police, and found specifically that Claimant's coworkers did not threaten him at the workplace. (R. Item 11, Board

3

Op., F.F. ¶ 6.) The Board further stated that Claimant did not give Employer the opportunity to remedy the problem and therefore failed to make a reasonable effort to preserve his employment. (*Id.*)

Claimant filed the instant petition for review appealing the Board's order to this Court.[2] Claimant argues, in essence, that the Board's finding that he did not have a necessitous and compelling reason for quitting his employment was not supported by substantial evidence. A claimant seeking benefits after voluntarily quitting his job has the burden to demonstrate that he had a necessitous and compelling reason for doing so. *Solar Innovations, Inc. v. Unemployment Compensation Board of Review*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012); *Davila v. Unemployment Compensation Board of Review*, 926 A.2d 1287, 1289 (Pa. Cmwlth. 2007); *PECO Energy Co. v. Unemployment Compensation Board of Review*, 682 A.2d 58, 60 (Pa. Cmwlth. 1996). To prove a necessitous and compelling reason for leaving employment, the claimant must show circumstances that produced real and substantial pressure to terminate employment and would compel a reasonable person to act in the same manner, and must also show that he acted with ordinary common sense and made a reasonable effort to preserve his employment. *Solar Innovations, Inc.*, 38 A.3d at 1056; *Davila*, 926 A.2d at 1289 n.4. Whether or not a claimant had a necessitous and compelling reason for leaving employment is a question of law subject to this Court's plenary review. *Solar Innovations, Inc.*, 38 A.3d at 1056; *Davila*, 926 A.2d at 1289; *PECO Energy Co.*, 682 A.2d at 61.

---

[2] Our review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Davila v. Unemployment Compensation Board of Review*, 926 A.2d 1287, 1289 n.3 (Pa. Cmwlth. 2007).

Here, the sole evidence that Claimant was being threatened, that there was a bounty on his head, and that he had no choice but to quit his employment was Claimant's own testimony, and the Board rejected that testimony as not credible. The Board is the ultimate fact finder and the arbiter of witness credibility. *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 293, 299 (Pa. Cmwlth. 2013); *Bruce v. Unemployment Compensation Board of Review*, 2 A.3d 667, 671 (Pa. Cmwlth. 2010); *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). Because the burden of proving necessitous and compelling cause for leaving employment was on Claimant and Claimant failed to satisfy that burden, we affirm the Board's denial of benefits.

_____

JAMES GARDNER COLINS, Senior Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Shon Bright,                                    :
                                                :
                    Petitioner                  :
                                                :
              v.                                : No. 2039 C.D. 2014
                                                :
Unemployment Compensation                       :
Board of Review,                                :
                                                :
                    Respondent                  :


**O R D E R**


AND NOW, this 25th day of August, 2015, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.


_____
JAMES GARDNER COLINS, Senior Judge